IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TWB Company, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| TWB Companies, LLC, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION; AND INJUNCTIVE AND OTHER RELIEF**

Plaintiff TWB Company, LLC ("TWB Company," or "Plaintiff"), by and through its undersigned counsel, alleges the following for its Complaint against Defendant TWB Companies, LLC ("TWB Companies" or "Defendant") for injunctive relief and damages as follows:

**BACKGROUND**

1. This case is a civil action for infringement of Plaintiff's common law trademark rights under the Lanham Act, 15 U.S.C. § 1125, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims under the statutory and common laws of the State of New Hampshire, all arising from the Defendant's unauthorized use of the mark TWB in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's goods and services. Plaintiff also brings this action for unfair competition under state law, and conversion. TWB Company seeks a preliminary and permanent injunction against TWB Companies for use of TWB Company's trademarks in connection with its advertisements and sale of goods and services related to construction, general and specialty contracting, and demolition. Plaintiff also brings this action against Defendant for

making a fraudulent representation to the United States Patent and Trademark Office. Plaintiff further seeks monetary damages, an accounting of Defendant's profits gained from its misconduct, false advertising, and unfair trade practices, and TWB Company's attorneys' fees and costs.

## PARTIES

2. Plaintiff TWB Company, LLC, is a Michigan limited liability company with its principal place of business at 1600 Nadeau Rd, Monroe, MI 48162.

3. Plaintiff is informed and believes, and on that basis alleges Defendant TWB Companies, LLC, is a New Hampshire limited liability company with its principal place of business at 55 Hills Rd., Auburn, NH 03032.

4. Plaintiff TWB Company, LLC is in the automotive industry. The primary goods and services TWB Company provides include manufacturing; tailor welded products; material treatment and fabrication; engineering and consulting services in process and structural engineering.

5. Plaintiff is informed and believes, and on that basis alleges the primary goods and services Defendant TWB Companies provides include general contracting, home building, commercial demolition, concrete saw cutting, and temporary fencing.

## JURISDICTION AND VENUE

6. This action arises under 15 U.S.C. § 1125(a), as well as the common law of New Hampshire. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant, which carries on business in and has continuously and systematically operated in the State of New Hampshire, has committed

tortious acts described in this Complaint in New Hampshire and in this judicial district, including engaging in trademark infringement, false designation of origin, conversion, and unfair competition, has purposefully availed itself of the benefits and protections of New Hampshire law by directing, doing, and transacting business in New Hampshire and in this District, has caused damages to Plaintiff TWB Company in this District, and has otherwise established contacts with this District sufficient to make the exercise of personal jurisdiction proper.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 because (1) Defendant conducts business in New Hampshire and this district including the business conduct at issue in this case, (2) the causes of action asserted in this complaint arise out of Defendant's contacts with New Hampshire and this judicial district, (3) Defendant has caused tortious injury to Plaintiff in New Hampshire and in this judicial district, (4) Defendant resides in this district, and/or (5) Defendant has undertaken acts of trademark and/or service mark infringement, false designation of origin, unfair competition, and conversion in New Hampshire.

## FACTS COMMON TO ALL CLAIMS
### (TWB Company's Trademarks)

9. Plaintiff TWB Company, founded in 1992, is a leading manufacturer of tailor laser-welded products in North America and is well known nationally. TWB Company offers material treatment and fabrication, and engineering and consulting services in process and structural engineering. TWB also offers product design, equipment and process development, and logistics services.

10. As a result of its widespread, continuous, and exclusive use of the TWB name to identify its goods and services and Plaintiff as their source, Plaintiff owns valid and subsisting common law trademark rights to the TWB word mark and logo, which it uses in connection with

manufacturing, material treatment and fabrication, engineering and consulting services in process and structural engineering.

11.     TWB Company has been using the TWB name and logo since 1994 with a first use in commerce as early as 1994. The following logo and similar variations thereof have been used in association with TWB Company since at least 1994 (the "TWB Logo"):

12.     Plaintiff's TWB name and logo (collectively the "TWB Marks") is distinctive to



both the consuming public and in Plaintiff's trade.

13.     Plaintiff has used the TWB Marks in commerce throughout the United States continuously since 1994 in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of its products and services including the manufacturing of tailor welded blanks, material treatment and fabrication, engineering and consulting services in process and structural engineering. Attached hereto as **Exhibit 1** are excerpts from Plaintiff's website showing Plaintiff's use of the TWB name in connection with its goods and services. Defendant's subsequent use in commerce of the Infringing Marks in connection with similar, related, or complementary services is likely to cause confusion, mistake, or to deceive.

14.     Plaintiff's goods and services under the TWB Marks have also been subject of media coverage and recognition. Attached hereto as **Exhibit 2** are copies of representative samples of media coverage of TWB Marks in connection with its goods and services.

15.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the TWB Marks. During the period from 2014 to 2024 alone, Plaintiff has expended approximately ten million US Dollars ($10,000,000) on the marketing, advertising, and promotion of the goods and services sold under the TWB Marks. Plaintiff advertises and/or sells its goods and services under the TWB Marks through various channels, including but not limited to: business-to-business sales, industry sponsorships, community event sponsorships, and charity sponsorships; internet and social media platforms, industry publications, signage, industry event engagements, marketing handouts, employee uniforms, and product packaging.

16.     Having been widely promoted to the general public and having exclusively identified TWB Company and its high-quality products and services associated therewith, the TWB name and logo symbolizes the goodwill associated with TWB and its products and services.

### Defendant's Unlawful Activities

17.     Plaintiff TWB Company is informed and believes, and on that basis alleges, that Eric Langill first formed TWB Companies LLC in 2018. TWB Companies is involved in the construction industry as a general contractor in New England.

18.     On or about January 10, 2024, TWB Company first became aware of TWB Companies, and sent a cease-and-desist letter ("Letter") on January 24, 2024, to TWB Companies to stop Defendant from using the TWB Marks. This correspondence is attached to this Complaint as **Exhibit 3**. In the Letter, Plaintiff notified Defendant that Defendant's name and logo appeared to be an exact copy of the TWB Company name and logo and that TWB had been using the name since 1994.

19. On January 25, 2024, Eric Langill d/b/a TWB Companies LLC filed a trademark application Serial No. 98/374,764 ("Defendant's Application") on an intent-to-use basis for the exact copy of the TWB Logo covering "Demolition wrecking machines" in International Class 7; "Demolition of bridges; Demolition of buildings; Advisory services relating to building demolition; Building demolition; House and building demolition; Repair and maintenance of buildings in case of demolition," in International Class 37; and "Demolition services, not buildings" in International Class 40 (the "Infringing Mark"). The application is attached to this Complaint as **Exhibit 4**.

20. As shown in **Exhibit 4**, Defendant's Application Serial No. 98/374,764 shows the applied-for mark as:



Exhibit 4 at 5.

21. Defendant advertises and sells its goods and services over the internet. A copy of Defendant's website is attached hereto as **Exhibit 5**. As illustrated in **Exhibits 1 and 5**, Plaintiff's TWB Logo and Defendant's Infringing Mark presently appear online are as follows:

22. The Infringing Mark and Plaintiff's TWB Logo are identical in design and the



*Plaintiff's TWB Logo*



*Infringing Mark from Defendant's Website*

overall impression created by the marks is the same.

23. Plaintiff is informed and believes, and on that basis alleges that Defendant intentionally copied the TWB Marks.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendant filed Defendant's Application Serial No. 98/374,764 one day after receiving the Letter from Plaintiff. *See* Exhibits 3, 4.

25. As demonstrated in **Exhibit 4**, the Declaration in Defendant's Application signed by Eric Langill on January 25, 2024, states in part:

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive….To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support…The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

26. Plaintiff TWB Company is informed and believes, and on that basis alleges, Defendant falsely represented to the Trademark Office in a signed declaration that no other person had the right to use the TWB Marks.

27. Despite Plaintiff's cease-and-desist letter notifying Defendant of its infringement, Defendant has continued to use the Infringing Mark, filed an application to register the Infringing Mark, and continued to willfully infringe Plaintiff's trademark rights.

28. Plaintiff TWB Company has never authorized Defendant to use its TWB Marks or the TWB Logo.

29. Plaintiff's and Defendant's services are advertised in overlapping marketing channels and are offered in overlapping channels of trade as both Plaintiff and Defendant advertise and sell their products and services on the internet. In fact, a search for "TWB Company" in a common search engine such as Google returns results listing both businesses on the same page. *See* **Exhibit 6**.

30. The goods and services offered by TWB Companies and TWB Company are substantially similar or related in that both involve manufacturing, machines, logistics and other related goods and services.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1125(a))

31. Plaintiff realleges and incorporates by reference the allegations set forth in the proceeding paragraphs of this Complaint.

32. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1125(a) entitling TWB Company to relief.

33. By misappropriating and using the TWB Trademark, Defendant has and continues to misrepresent and falsely describe to the general public the origin and source of Defendant's products and services. This has created and continues to create a likelihood of confusion by ultimate purchasers as to the source, sponsorship, and/or affiliation thereof.

34. The Defendant's knowledge and awareness of TWB Company, combined with Defendant's subsequent fraudulent misrepresentations to the United States Patent and Trademark Office the day after receiving the Plaintiff's cease-and-desist letter, further illustrates not only the

Defendant's bad faith intent to copy the Plaintiff's Mark, but also Defendant's overall deceptive intent.

35. The Defendant has unfairly profited from the trademark infringement alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

36. By reason of Defendant's acts of trademark infringement, TWB Company has suffered damage to its business and to the goodwill associated with the TWB Marks.

37. Defendant's act of trademark infringement has irreparably harmed and, if not enjoined, will continue to irreparably harm TWB Company and its TWB Marks.

38. Defendant's act of trademark infringement has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

39. The above-described acts of Defendant were willful, repeated and ongoing.

40. By reason of Defendant's infringing acts and continued recalcitrant behavior, TWB Company's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, TWB Company is entitled to entry of a temporary restraining order against Defendant and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41. By reason of Defendant's willful acts of trademark infringement, TWB Company is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

42. This is an exceptional case making TWB Company eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. § 1125(a))

43. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

44. Defendant's use in commerce of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's services are authorized, sponsored or approved by or are affiliated with Plaintiff TWB Company.

45. Defendant's unlawful, unauthorized, and unlicensed advertising, distributing, offering for sale, and selling of general contracting, home building, commercial demolition, concrete saw cutting, and temporary fencing products and services through its use of the Infringing Mark creates express and implied misrepresentations that the products and services were created, authorized, or approved by Plaintiff, all to Defendant's profit and Plaintiff's damage and injury.

46. These acts of Defendant aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the TWB Marks, in connection with the products and services in interstate commerce, constitutes false designation of origin.

47. Plaintiff TWB Company has no adequate remedy at law. If the Defendant's activities are not enjoined, TWB Company will continue to suffer irreparable harm and injury to its goodwill and reputation.

48. Defendant's act of false designation of origin has irreparably harmed and, if not enjoined, will continue to irreparably harm TWB Company and its TWB Marks.

49. Defendant's act of false designation of origin has irreparably harmed, and if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

50. As a result of Defendant's activities, TWB Company has been damaged in an amount to be ascertained at trial.

### THIRD CLAIM FOR RELIEF

#### (Federal Unfair Competition - 15 U.S.C. § 1125(a))

51. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

52. Defendant's intentional copying of Plaintiff's name and logo is designed to deceive the public in violation of federal law and creates unfair competition in relation to TWB Company.

53. Defendant's knowledge of TWB Company and fraudulent misrepresentations to the United States Patent and Trademark Office further illustrate the Defendant's overall deception to the public in violation of federal law.

54. Defendant has caused and is likely to continue to cause substantial injury to the public and to TWB Company, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

55. These ongoing actions of Defendant are willful and intentional.

56. TWB Company has no adequate remedy at law. If Defendant's activities are not enjoined, TWB Company will continue to suffer irreparable harm and injury to its goodwill and reputation.

57. As a result of Defendant's activities, TWB Company has been damaged in an amount to be ascertained at trial.

## FOURTH CLAIM FOR RELIEF

### (New Hampshire Injury to Business Reputation and Dilution –

### N.H. Rev. Stat. § 350-A:12)

58. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

59. Defendant's intentional copying of Plaintiff's TWB name and TWB Logo is likely to cause injury to business reputation or dilution of the distinctive quality of Plaintiff's TWB Marks under N.H. Rev. Stat. § 350-A:12.

60. These ongoing actions of Defendant are willful and intentional.

61. Under N.H. Rev. Stat. § 350-A:12, Defendant's activities are a ground for injunctive relief even in the absence of competition between the parties or the absence of confusion as to the source of goods or services.

## FIFTH CLAIM FOR RELIEF

### (New Hampshire Unfair Competition –

### N.H. Rev. Stat. § 358-A:2)

62. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

63. Defendant's intentional copying of Plaintiff's TWB name and TWB Logo is unfair method of competition and/or an unfair or deceptive act or practice in the conduct of trade or commerce under N.H. Rev. Stat. § 350-A:12.

64. These ongoing actions of Defendant are willful and intentional.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

65. TWB Company realleges and incorporates by reference the allegations set forth in the proceeding paragraphs of this Complaint.

66. Defendant's intentional copying of Plaintiff's name and logo is designed to deceive the public in violation of state law and creates unfair competition in relation to TWB Company.

67. Defendant's acts have misled and continue to mislead and deceive the public as to the source of the products and services, permit and accomplish palming off of Defendant's goods and services as those of TWB Company, and falsely suggest a connection with TWB Company. Therefore, Defendant has committed unfair competition in violation of state common law.

68. As a direct and proximate result of Defendant's conduct, TWB Company has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

69. TWB Company does not have an adequate remedy at law and will continue to be damaged by Defendant's conduct unless this Court enjoins Defendant from such fraudulent business practices.

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

70. TWB Company realleges and incorporates by reference the allegations set forth in the proceeding paragraphs of this Complaint.

71. Defendant, acting in bad faith, intentionally and wrongfully used and appropriated Plaintiff's TWB trademark without Plaintiff's consent.

72. Defendant's use of Plaintiff's trademarks has been unauthorized, willful, and in direct violation of Plaintiff's rights.

73. Defendant has continued to use the TWB Marks despite Plaintiff's repeated demands to cease such use.

74. Defendant intentionally copied Plaintiff's name and logo and has been using the name since 2018 and the logo since at least January of 2024.

75. Defendant applied to register the intentionally copied logo/Mark with the United States Patent and Trademark Office, acting as the true owner thereof and exercising dominion and control over Plaintiff's Marks.

76. In addition, Defendant has refused to stop using the name and logo, thereby exercising complete dominion and control over Plaintiff's property.

77. Defendant's use of the Plaintiff's name and logo has seriously interfered with Plaintiff's right to its name and logo.

78. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered and continues to suffer damages, including but not limited to, loss of business opportunities, damage to reputation, and monetary loss.

## **PRAYER FOR RELIEF**

WHEREFORE, TWB Company, LLC respectfully requests entry of judgment in its favor and against Defendant on all the above causes of action as follows:

A. That the Court preliminarily and permanently restrain and enjoin Defendant from using the TWB Marks, including the name or TWB Logo or any mark confusingly similar thereto.

B. That the Court enter a judgment finding that Defendant has infringed, and willfully infringed, the TWB Marks.

C. That the Court enter a judgment finding that Defendant's use of the TWB Marks has caused and/or is likely to cause confusion among the general purchasing public as to the source of origin of the Defendant's products and services.

D. That the Court enter a judgment finding that Defendant's use of the TWB Marks has caused and/or is likely to cause confusion among the general purchasing public as to the source of origin of Defendant's products and services.

E. That the Court assess and award damages suffered by TWB Company pursuant to 15 U.S.C. §§ 1114 and 1125;

F. That TWB Company be awarded all damages, under state law, incurred as a direct and proximate cause of Defendant's unlawful conduct;

G. That TWB Company recover from Defendant, under state law, all amounts, including profits, received by Defendant as a direct and proximate cause of its unlawful conduct;

H. Upon an appropriate showing and proffer of evidence, a judgment and award for punitive damages, in addition to actual damages, in an amount sufficient to make an example of and to punish Defendant, and to deter the unlawful conduct in the future;

I. That the Court order Defendants to file with this Court and to serve upon Plaintiff a report in writing and under oath setting forth in detail the manner and form

in which Defendant has complied with any injunction resulting from this matter within thirty days after entry of such injunction; and

J.      That the Court grant TWB Company such other and further relief as the Court may deem just and proper, including an award of attorneys' fees and costs.

## **JURY DEMAND**

TWB Company LLC hereby demands a jury trial on all issues so triable.

                                        Respectfully submitted,

                                        TWB COMPANY, LLC

                                        By Its Attorneys,

                                        McLANE MIDDLETON, PROFESSIONAL ASSOCIATION

Dated: October 9, 2024            By: /s/ Jeremy T. Walker

                                        Jeremy T. Walker (NH Bar No. 12170)
                                        900 Elm Street, P.O. Box 326
                                        Manchester, New Hampshire 03105-0326
                                        Telephone (603) 625-6464
                                        jeremy.walker@mclane.com

                                        TUCKER ELLIS LLP

                                        (*PHV Admission to be sought*)

                                        Keith J. Grady, Mo. #46757
                                        100 South Fourth Street, Suite 600
                                        St. Louis, Missouri 63102
                                        Phone: (314) 571-4962
                                        keith.grady@tuckerellis.com

                                        Nicholas B. Clifford, Mo. #44477
                                        100 South Fourth Street, Suite 600
                                        St. Louis, Missouri 63102
                                        Phone: (314) 571-4962
                                        nicholas.clifford@tuckerellis.com

                                        *Attorneys for Plaintiff*